IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JPMCC 2007-CIBC19 FRANCES WAY, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| BARRY S. NUSSBAUM, | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JPMCC 2007-CIBC19 Frances Way, LLC ("Plaintiff") complains of Defendant Barry S. Nussbaum ("Nussbaum"), and respectfully shows as follows:

### I.
### PARTIES

1. Plaintiff is a Texas limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. The sole member of Plaintiff is U.S. Bank National Association, a national banking association organized and existing under the laws of the United States of America, not in its individual capacity but solely in its capacity as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19 ("U.S. Bank"). U.S. Bank is considered a citizen of the state where its main office is located as provided in its articles of association. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941 (2006). U.S. Bank maintains its main office in Cincinnati, Ohio. Accordingly, Plaintiff is a citizen of Ohio for purposes of diversity jurisdiction.

2. Nussbaum is an individual, who, upon information and belief, is domiciled in Del Mar, California and may be served with process at 2775 Via De La Valle, Suite 205, Del Mar, California 92014. Nussbaum is a citizen of California for purposes of diversity jurisdiction. Nussbaum is a guarantor of the debt at issue in this litigation.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the state of Ohio for diversity jurisdictional purposes, and Nussbaum is a citizen of California.

4. Venue is proper in this judicial district pursuant to section 28 U.S.C. § 1391(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Further, Nussbaum has expressly consented in the Guaranty, as that term is defined below, to venue and jurisdiction where the Property is located.

## III.
## FACTUAL BACKGROUND

5. On or about May 15, 2007, BNC Frances Villas, L.P. ("Borrower") executed and delivered to CIBC Inc. ("Original Lender"), predecessor-in-interest by one or more assignments to Plaintiff, a Promissory Note (the "Note"), under which Borrower promised to pay to the order of the Original Lender the original principal amount of $7,500,000.00 together with interest as stated therein (the "Loan"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

6. The Loan is secured by property known as Frances Way Villas Apartments and located at 900 Frances Way Street, Richardson, Texas 75081 as evidenced by the Deed of Trust, Assignment of Leases and Rents and Security Agreement (the "Deed of Trust"), executed by

Borrower and recorded on May 16, 2007 as Document No. 20070174856 in the Real Property Records of Dallas County.

7.     As a condition precedent to Original Lender making the Loan to Borrower, Nussbaum executed an Indemnity and Guaranty Agreement, dated May 15, 2007 (the "Guaranty") pursuant to which Nussbaum guaranteed payment to Plaintiff of those items for which Borrower is personally liable and for which the Plaintiff has recourse against Borrower under the terms of the Note, Deed of Trust, and all other loan documents (collectively, the "Loan Documents").  A true and correct copy of the Guaranty is attached hereto as **Exhibit B**. Nussbaum's liability under the Guaranty is unconditional and absolute.

### Assignment of Loan Documents to Plaintiff

8.     On or about May 16, 2007, the Loan Documents were transferred and assigned by Original Lender to LaSalle Bank National Association, as Trustee for the Registered Holders of JP Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19 ("Assignee #1").

9.     On or about July 19, 2011, Bank of America, N.A., a National Banking Association (successor by merger to LaSalle Bank National Association, a National Banking Association), as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19, transferred and assigned the Loan Documents to U.S. Bank National Association, a national banking association organized and existing under the laws of the United States of America, not in its individual capacity but solely in its capacity as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19 ("Assignee #2").

10.     On or about August 3, 2011, Assignee #2 transferred and assigned the Loan Documents to Plaintiff.

11.     Plaintiff is the current owner and holder of the Note and owner of the Guaranty.

### Events of Default

12.     Borrower failed to make payment of certain installments of principal and interest when due under the Note. By letter dated June 9, 2011, Plaintiff, by and through its attorneys, provided Borrower and Nussbaum with notice that Borrower was in default under the Note and notice of Plaintiff's intent to accelerate the outstanding balance of the Note in the event the past due installments were not received by Plaintiff on or before June 20, 2011.

13.     Despite such notice and demand, Borrower and Nussbaum failed to cure the defaults and as a result, Plaintiff accelerated the Note and declared all outstanding principal and accrued but unpaid interest to be immediately due and payable.

14.     On or about January 1, 2012, Borrower and Plaintiff entered into an Agreement Regarding Note, Deed of Trust and Other Loan Documents (the "Forbearance"), effective November 1, 2011, whereby Plaintiff agreed to forbear from exercising certain of its rights under the Loan Documents subject to terms and conditions set forth therein. As a condition precedent to Plaintiff's execution of the Forbearance, Nussbaum executed a Joinder by and Agreement of Guarantor (the Guaranty as amended by the Forbearance, the "Amended Guaranty") whereby Nussbaum reaffirmed his obligations under the Guaranty and amended the Guaranty to agree to be subject to full personal liability for the amounts due and owing on the Loan and all other obligations of Borrower to Plaintiff under the Loan Documents in the event the Borrower became subject to or initiated a bankruptcy proceeding. A true and correct copy of the Forbearance with the Amended Guaranty is attached hereto as **Exhibit C**. On March 1, 2012,

Plaintiff's agreement to forbear from exercising any rights and remedies pursuant to the Forbearance expired pursuant to its terms.

15. By letter dated March 6, 2012, Plaintiff, by and through its attorneys, again made demand upon Borrower and Nussbaum to immediately pay the entire unpaid principal balance of the Note, plus accrued but unpaid interest, and all other amounts due under the Loan Documents.

16. On April 2, 2012, Borrower filed a Chapter 11 bankruptcy proceeding in the United States District Court for the Northern District of Texas, thereby triggering Nussbaum's full personal liability for the amounts due and owing on the Loan and all other obligations of Borrower to Plaintiff under the Loan Documents.

17. Nussbaum has failed and has continued to fail to pay Plaintiff the amounts due and owing under the Note and other Loan Documents.

18. After allowing all just and lawful offsets, payments, and credits there is due and owing under the Note as of April 2, 2012, the outstanding principal balance of the Loan in the amount of $7,437,722.01, plus accrued but unpaid interest in the amount of $936,515.32 as of April 2, 2012. There is also due and owing under the Note late charges in the amount of $59,902.90, plus legal fees in the amount of $7,107.88, plus advances for taxes in the amount of $108,349.33, and other fees in the amount of $315.68, totaling $8,549,913.12. Interest continues to accrue on the outstanding principal balance from and after April 2, 2012 at the per annum rate of 10.180%.

## IV.
## CAUSES OF ACTION

### Suit on Guaranty

19. Pursuant to the terms of the Amended Guaranty, Nussbaum is liable and fully obligated to Plaintiff for the amounts due and owing under the Note and other Loan Documents.

Therefore, Plaintiff is entitled to and Plaintiff hereby requests a judgment from and against Nussbaum for all of the amounts due and owing under the Note and other Loan Documents as set forth above, together with pre-judgment and post-judgment interest thereon as allowed by law.

### Attorneys' Fees

20. Plaintiff has retained the law firm of Winstead PC to protect its rights, and pursue the claims set forth herein. Pursuant to the terms of the Amended Guaranty, Nussbaum has agreed to pay all attorneys' fees, costs and expenses incurred in connection with representing Plaintiff in any proceeding to enforce the Amended Guaranty. Based thereon, Plaintiff seeks a judgment from and against Nussbaum for all such costs, including, but not limited to, attorneys' fees in an amount to be established at trial.

21. Alternatively, pursuant to Texas Civil Practices and Remedies Code § 38.001 *et seq.*, Plaintiff is entitled to a judgment from and against Nussbaum for all attorneys' fees and costs incurred by Plaintiff in this proceeding, and Plaintiff seeks a judgment from and against Nussbaum for all such attorneys' fees and costs in an amount to be established at trial.

## V.
## CONDITIONS PRECEDENT

22. All conditions precedent have been performed or have occurred.

# VI.
# PRAYER

Plaintiff requests that Nussbaum be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment and relief against Nussbaum for:

a. all amounts due and owing under the Note and other Loan Documents including the Amended Guaranty;

b. reasonable and necessary attorneys' fees;

c. costs of court and other recoverable expenses;

d. pre-judgment and post-judgment interest; and

e. such other and further relief to which it may be justly entitled.

Respectfully submitted,

WINSTEAD PC


By: /s/ *Brian T. Morris*
    Brian T. Morris
    State Bar No. 14469600
    Deanna E. Caldwell
    State Bar No. 24069455

    5400 Renaissance Tower
    1201 Elm Street
    Dallas, Texas 75270
    (214) 745-5400 (Telephone)
    (214) 745-5390 (Fax)

**ATTORNEYS FOR PLAINTIFF
JPMCC 2007-CIBC19 FRANCES WAY, LLC**